UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

JUANAA PINEIRO,

    Plaintiff,

v.

ENHANCED RECOVERY COMPANY, LLC.,
    Defendants.

_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") and Florida Consumer Collection Practices Act Fla. Stat. 559.555 et seq. ("FCCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k(d). Venue in this District is proper because Plaintiff resides here and Defendant, Enhanced Recovery Company, LLC., ("ERC") mailed a letter to collect a debt this District.

3.    This Court has supplemental jurisdiction under 28 U.S.C. 1367 to hear and decide any related state law issues.

## PARTIES

4. Plaintiff, Juanaa Pineiro ("Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

5. Plaintiff is a "consumer" as defined in the FDCPA and Fla. Stat. §559.55(2)

6. Defendant, ERC, is a corporation with its principal place of business at 8014 Bayberry Rd. Jacksonville, FL 32256.

7. Defendant, ERC, regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant, ERC, regularly collects or attempts to collect debts for other parties.

9. Defendant, ERC, is a "debt collector" as defined in the FDCPA.

10. Defendant, ERC, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

11. The Debt arose from services provided by AT&T which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. §1692a(5)

## FACTUAL ALLEGATIONS

12. On or about June 1, 2014, Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

13. On or about September 13, 2014, Plaintiff called ERC and disputed an alleged debt ERC was seeking to collect on behalf of AT&T. Plaintiff requested ERC to cease communications.

14. On October 5, 2014, ERC, and/or AT&T sent Plaintiff an eight-page letter entitled, "Fraud Handling Packet AT&T – File #108477558" (hereinafter "letter or "the letter").

15. Page two of the letter advises in part:

"1. The amount of the claimed debt is the amount stated in the letter on the "reverse side" of this notice."

"2. The name of the creditor to whom the debt is owed is in the letter on the 'reverse side' of this notice."

"4. "If you notify our office below (emphasis added) in writing within thirty (30) days of your receipt of this notice that the debt, or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment that may be of record against you. We will mail the verification or copy of the judgment to you."

"**Federal Notice**: This is a debt collector attempting to collect a debt. Any information will be used for that purpose."

16. Contrary, to what is written, there is *nothing* (emphasis added) listed on the back of page two – it is blank.

17. Contrary, to what is written, there is *nothing* "emphasis added) listed "below" on page two for Plaintiff to contact Defendant's office.

18. Page three of the letter reads: " Like you, we want to resolve *your dispute* (emphasis added) regarding the account as soon as possible. In order to do so, please fill out the attached declaration."

19. Page three of the letter instructs the plaintiff that the "declaration" must "be witnessed by either a friend or a co-worker, NOT a spouse or family member…You must provide the required identification(s) and 2 separate sources for proof of residency documents."

20. Page three of the letter provides an address to "AT&T Fraud Department," but does not specify where to send the declaration: either to AT&T and/or ERC.

21. Page three of the letter does not specify "[t]his is an attempt to collect a debt," "any information obtained will be used for that purpose," or "this communication is from a debt a collector."

22.  Page three of the letter states, "[u]nless AT&T hears from you by 30 days, further collection action will continue on your account. To contact AT&T regarding this issue for you Mobility Account, please call 877-844-5584."

23.  Page three of the letter then states, "[i]f you have any questions regarding this matter, please contact Customer Service (800) 496-8918." This toll-free number is leased or owned by ERC.

24.  Page three of the letter then states, "you will be notified in writing by AT&T at the conclusion of their investigation."

25.  The letter is a "communication" as defined by 15 U.S.C 1692a(2).

26.  Plaintiff was left with a "Hobson's Choice": either sign the declaration and potentially subject herself to "… a fine, imprisonment or both" as stated on page eight of the letter, or continue to receive unwanted communications from ERC on behalf of AT&T.

27.  The standard for evaluating violations of the FDCPA is not whether the individual plaintiff was confused or deceived but whether "the least sophisticated consumer would be confused or deceived by Defendant's actions. *Jeter v. Credit Bureau*, 760 F.2d 1168, 1172-78 (11th Cir. 1985).

### COUNT I
### VIOLATION OF THE FDCPA 15 U.S.C.§1692g et. seq.

28. Plaintiff incorporates Paragraphs 1 through 27.

29. Collection letters such as the letter sent by ERC are to be evaluated by the objective standard of the "least sophisticated consumer." See Baez v. Wagner & Hunt, P.A., 442 F. Supp. 2d 1273 (S.D. Fla. 2006).

30. 15 U.S.C. § 1692g(b) states in pertinent part, "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

31. The letter to Plaintiff contained the required validation notice on page two, but in small and conspicuous font.

32. The letter was intentionally designed to confuse and/or mislead the Plaintiff to contact ERC by telephone and by U.S. Mail or either.

33. The least sophisticated consumer upon reading the letter from ERC will be confused as to the method required to effectively dispute the alleged debt.

34. The Defendant, ERC, conduct violated 15 U.S.C. § 1692g of the FDCPA by providing instructional language which is confusing and makes the least sophisticated consumer uncertain as to what she must to do to effectively dispute the alleged debt.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, ERC for:

a.  Damages;

b.  Attorney's fees, litigation expenses and costs of suit; and

c.  Such other or further relief as the Court deems proper.

## COUNT II
## VIOLATION OF THE FDCPA 15 U.S.C.§1692e(10)

35. Plaintiff incorporates Paragraphs 1 through 27.

36. Section 1692e(10) of the FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

37. Defendants violated Section 1692e(10) of the FDCPA providing language that misrepresents to the least sophisticated consumer that she can either call the toll free number *or* write to ERC and/or AT&T at the address on page three of the letter, to dispute the alleged debt, when in fact she must dispute the alleged debt in writing for the dispute to be effective.

38. Defendant violated 1692e(10) of the FDCPA providing language that misrepresents to the least sophisticated consumer that she must go to the police and/or complete a declaration to dispute the alleged debt to prevent defendant from further communications.

39. By reason thereof, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated Section 1692e(10) of the FDCPA, statutory damages, costs and attorneys' fees.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, ERC for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

## COUNT III
## VIOLATION OF THE FCCPA

40. Plaintiff incorporates Paragraphs 1 through 27.

41. In collecting consumer debts, no person shall... willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

42. Defendant's persistent and unlawful communications were carried out with the intent to abuse and harass the Plaintiff.

43. Pursuant to Florida law, Plaintiff may obtain declaration that Defendant's practices are in violation of the FCCPA, including but not limited to Fla. Stat. §§ 559.72(7), 559.72(18).

44. The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, ERC for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

> LAWRENCE D. FELDER, ESQ.
> 1840 SE 1St Ave.
> Ft. Lauderdale, FL 33316
> Telephone: 954-524-8808
> lawrencefelder@outlook.com
>
> By: s/ LAWRENCE D. FELDER
> LAWRENCE D. FELDER, Esq.
> Florida Bar No. 204498